IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01499-PAB

LENNIN SANCHEZ-JIMENEZ,

     Petitioner,

v.

TODD LYONS, Acting Director of Immigration & Customs Enforcement,
GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal
Operations, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLEN, Secretary, U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, Acting U.S. Attorney General,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**,** and
JUAN BALTAZAR, Warden of the Aurora Detention Facility

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Lennin Sanchez-Jimenez's

Petition for Writ of Habeas Corpus [Docket No. 1] and Motion for Default Judgment

[Docket No. 6].  Respondents filed a response.  Docket No. 9.

## I. BACKGROUND[1]

Petitioner is a citizen of Nicaragua who entered the United States on June 6,

2022.  Docket No. 1 at 4, ¶ 1.  On June 7, 2022, petitioner was granted parole and

permitted to enter the United States.  *Id.*  Petitioner's parole expired in August 2022.  *Id.*

On January 7, 2026, Immigration and Customs Enforcement ("ICE") encountered

petitioner during a traffic stop.  *Id.*, ¶¶ 2-3.  At the time, petitioner had a pending

---

[1] The following facts are undisputed unless otherwise noted.

application for asylum. *Id.* On January 7, 2026, petitioner received a Notice of Custody Determination that stated petitioner's detention was controlled by § 236 of the Immigration and Nationality Act ("INA"). *Id.* at 5, ¶ 5. Petitioner was issued two arrest warrants, both of which were issued after petitioner had already been detained. *Id.*, ¶ 4. On February 11, 2026, petitioner was served a Notice to Appear that classified petitioner as being present without admission rather than as an arriving noncitizen. *Id.*, ¶ 6.

On April 8, 2026, petitioner filed a Petition for Writ of Habeas Corpus. *See generally id*. Petitioner brings a claim for violation of the Administrative Procedure Act ("APA") (Count I); 8 U.S.C. § 1226(a) (Count II); and petitioner's Fifth Amendment right to due process under the United States Constitution (Count III). *See id.* at 29-34. Petitioner requests, among other forms of relief, that respondents provide petitioner with a bond hearing. *See id.* at 32-33.

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 10-17; Docket No. 9 at 2-5. Petitioner contends his "mere presence does not amount to 'seeking admission' within the meaning of 8 U.S.C. § 1225." Docket No.1 at 26. Rather, petitioner contends that his detention is controlled by § 1226(a) and he is therefore entitled to a bond hearing. *See id.* Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted. Docket No. 9 at 2-5. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See, e.g.*, *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D. Colo. Feb. 13, 2026). Each time, the Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on. *See generally* Docket No. 9. The Court finds no distinguishing material facts between this case and *Alfaro Orellana v. Noem,* No. 25-cv-03976-PAB, 2025 WL 3706417 (D. Colo. Dec. 22, 2025).[2] Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).[3] The Court will grant the habeas petition on the § 1226 claim and

---

[2] Respondents argue that, "after Petitioner's parole expired, he reverted to the status he held at entry: an applicant for admission subject to mandatory detention under § 1225(b)(2)." Docket No. 9 at 3. Respondents do not contend, however, that petitioner's parole status makes this case materially different than *Alfaro Orellana. See generally id.*. Moreover, the Court has rejected respondents' argument in other cases. *See, e.g., Capote Zamora v. Mullin*, No. 26-cv-00538-PAB, 2026 WL 1026810, at *2-4 (D. Colo. Apr. 16, 2026); *Rafibaev v. Noem*, No. 26-cv-00461-PAB, 2026 WL 607559, at *2-5 (D. Colo. Mar. 4, 2026).

[3] Because the Court will grant the habeas petition on the basis of Count II, it will not reach petitioner's remaining claims and requests for relief. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) ("The Court will thus grant the Petition with respect to Petitioner's first claim. Since the Court's ruling on the INA claim will afford Petitioner the entirety of the relief he seeks, the Court need not address Petitioner's remaining arguments."). The Court will not

3

will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[4]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Lennin Sanchez-Jimenez's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that petitioner's Motion for Default Judgment [Docket No. 6] is **DENIED**.[5] It is further

---

consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado. *See* Docket No. 1 at 33. A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3. *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . . The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

[4] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy. *See Loa Caballero*, 2025 WL 2977650, at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court"). Petitioner requests that the Court "[r]equire the Executive Office for Immigration Review to consider Petitioner's ability to pay in setting the bond amount," "[r]equire the return of any property taken from Petitioner at the time of his arrest," and "[p]revent Respondents from unilaterally imposing onerous conditions of release such as GPS monitoring and movement restriction." *See* Docket No. 1 at 32. The Court will not impose these restrictions on the bond hearing and petitioner's release, if he is granted bond, at this stage. *See De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4-5 (D. Colo. Feb. 17, 2026).

[5] The Court denies petitioner's motion for default judgment because respondents' response was timely pursuant to the April 9, 2026 Minute Order, wherein Magistrate Judge N. Reid Neureiter ordered respondents to respond to the petition within three calendar days of service. *See* Docket No. 4. Respondents state that they received service on April 13, 2026, and therefore respondents' response deadline was April 16, 2026. *See* Docket No. 9 at 1-2. Furthermore, petitioner did not obtain the Clerk's entry of default before moving for default judgment, in violation of Fed. R. Civ. P. 55(a). *See* Fed. R. Civ P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[6]  It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED April 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[6] The burden of proof at the bond hearing will be on the government.  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("the weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing") (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").